UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARILYN HULL,

         Plaintiff,

v.

         Case No. 17-cv-4-pp

ANDREW SAUL,

         Defendant.

**ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. §406(B)**

On August 9, 2017, the court approved the parties' stipulation for remand and remanded this case to the Commissioner of the Social Security Administration. Dkt. No. 21. The parties stipulated to an award of attorney fees under the Equal Access to Justice Act in the amount of $4,996.99, which the court approved on October 17, 2017. Dkt. No. 28. On a subsequent remand from the Appeals Council, the ALJ issued a fully favorable decision for the plaintiff. Dkt. No. 29 at 1-2. The plaintiff has filed a motion for attorney fees under 42 U.S.C. §406(b), asking that a total fee of $20,584.40 be paid to Attorney Thomas Bush with the previous EAJA award refunded to the plaintiff. Id. at 2. The court will grant the unopposed motion and award the additional fees.

**I.    Legal Standard**

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees under 42 U.S.C. §406. "Section 406(a) governs fees for representation in administrative proceedings before the Social Security

1

Administration; § 406(b) controls fees for representation in federal court.'" Kopulos v. Barnhart, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. Id. at 661. Such fees are deducted from the claimant's benefits and do not constitute an award against the government. Id.

A motion for fees under §406(b) requires court approval. Congress did not intend such review to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceedings that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

**II. Analysis**

The plaintiff signed a contract with her attorney on November 23, 2016, agreeing to a 25% total fee for representation before the agency and the court. Dkt. No. 29-1. The second sentence of the fee contract stated:

> I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to *my family* and me in the event my case is won.

2

Id. at 1.

Because the award is paid out of past due benefits rather than agency funds, the government will not stipulate to the fees. However, the plaintiff represents that the government does not oppose the motion. Dkt. No. 29 at 1.

The record establishes that the plaintiff prevailed, the requested fee is reasonable for the services rendered, the plaintiff agreed to pay 25% of whatever past-due benefits were awarded to her, and Attorney Bush says that he will account for the EAJA offset by refunding $4996.99 to the plaintiff. For these reasons, the court will grant the motion for §406(b) attorney's fees.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for attorney's fees under 42 U.S.C. §406(b). Dkt. No. 29. The court **AWARDS** Attorney Thomas Bush attorney fees in the amount of $20,584.40. The Commissioner shall pay this fee to Attorney Bush from the amount withheld for direct payment of attorney fees. Counsel shall refund the EAJA fees totaling $4,996.99 to the plaintiff.

Dated in Milwaukee, Wisconsin this 21st day of December, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:17-cv-00004-PP   Filed 12/21/20   Page 3 of 3   Document 30